IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

DANNY PAYNE,

    PLAINTIFF,

v.                                          CASE NO.: CV-03-J-2873-NW

ROYSTER-CLARK AGRIBUSINESS,
INC.,

    DEFENDANT.

## MEMORANDUM OPINION

    Pending before the court is the defendant's motion for summary judgment (doc.

13), brief in support of said motion, and evidentiary submissions (docs. 14 and 15),

to which the plaintiff failed to respond.[1]  Having considered the pleadings, evidence

and memorandum of the defendant, the court finds as follows:

### I. Factual Background

    Plaintiff sued his employer under 42 U.S.C. § 1981 for race discrimination

based on failure to promote.  In the light most favorable to the plaintiff, the court finds

the facts of this case to be as follows:

---

[1]Pursuant to this court's Scheduling Order entered January 6, 2004, the deadline for
dispositive motions was July 9, 2004. The defendant timely filed its motion on that date. Under
Exhibit A to the court's Scheduling Order of January 6, 2004, the plaintiff had fourteen (14) days
to respond to the defendant's motion. Thus, the plaintiff's deadline to respond was July 23,
2004.

The plaintiff has been employed by the defendant in a variety of capacities since January, 1979.[2] Plaintiff depo. at 56-61.  Beginning in 1999, the plaintiff has filed union grievances based on defendant's failure to promote the plaintiff into the position of Maintenance Man.  *Id.*, at 76, 81-82, 97-98, 128; Plaintiff depo. exhibit 15; Larkin declaration, ¶¶ 3 and 6; Larkin exhibits 3-5. Each grievance has been denied.  Larkin declaration, ¶¶ 3 and 6; Larkin exhibit 5; Plaintiff depo. exhibit 19. In October, 2000, plaintiff and another employee were given the opportunity for the maintenance Man position, but they both failed the welding test.  Plaintiff depo. at 74-76; Larkin declaration, ¶ 4; Larkin exhibit 6.  Another Maintenance Man position was posted in May, 2001, seeking a certified stick welder.  Larkin declaration, ¶ 5; Larkin exhibit 7; plaintiff depo. at 38-39.  The plaintiff was deemed not qualified.  Larkin declaration, ¶ 5.

The plaintiff filed a grievance October 10, 2001 alleging discrimination, which was denied and then arbitrated pursuant to the union's Collective Bargaining Agreement.[3] Plaintiff depo. at 76, 81-82; Larkin declaration, ¶ 6.  After a full hearing, the arbitrator found no discrimination. Plaintiff depo. at 81-82; plaintiff depo. exhibit 13.  Rather, the arbitrator found that the plaintiff did not have the skills or experience

---

[2]Defendant previously did business as IMC Fertilizer.

[3]The plaintiff has been a member of the union throughout his employment and served as President of his local Union for six years, until January, 2004. Plaintiff depo. at 57-58, 68-69.

2

required to qualify for that position.  Plaintiff depo. at 82; plaintiff depo. exhibit 13, at 6-8; Larkin declaration, ¶ 6.

After the about arbitration concluded, another position for Maintenance Man was posted, in January, 2003.  Plaintiff depo. at 16, 89; plaintiff depo. exhibit 14.  The job requirements included a certification in stick welding.  Plaintiff depo. at 90, 130-131; plaintiff depo. exhibit 14.  Although the plaintiff had previously failed to weld sufficiently to qualify, the plant manager agreed to let the plaintiff have a trial in the job if the plaintiff could prove he met the qualifications.  Plaintiff depo. at 92-94, 136; Larkin declaration, ¶ 8; Larkin exhibit 9.  The plant manager, Larry Larkin, told the plaintiff to bring in proof he had taken welding courses or improved his welding in some way.  Larkin declaration, ¶ 8.  Larkin did not fill the job for over a month, waiting on plaintiff to bring in documentation, but plaintiff did not provide any information.  Plaintiff depo. at 94-95, 104-105; Larkin declaration,¶ 8.  The position was thereafter filled by a white male who had been on lay-off status when the position was first posted, but had thereafter returned to work.  Plaintiff depo.  at 98-99; plaintiff depo. exhibit 9; Larkin declaration, ¶ 8.  That individual had a certificate of competency in welding and passed a welding test.  Larkin declaration, ¶ 8; Larkin exhibit 10; Peebles declaration, ¶ 2.  Thereafter, the plaintiff did complete a welding course and receive a certificate, but never provided the certificate to anyone at the

3

defendant plant.  Plaintiff depo. at 23, 28, 95, 105.  *See also* plaintiff depo.  at 86-88; plaintiff depo.  exhibit 4.  The plaintiff thereafter filed a grievance concerning his non-selection for the Maintenance Man position, which was denied.  Plaintiff depo. at 99-100; plaintiff depo.  exhibit 15; Larkin declaration, ¶ 8.

The plaintiff claims the above facts constitute race discrimination because other employees did not have to have welding certificates to fill the Maintenance Man position.  Plaintiff depo.  at 124-125.  The defendant states that it has Maintenance Men positions in both electrical work and welding work.  Larkin declaration, ¶ 10. Those in electrical work do not have to weld and hence do not needs certification in welding.  *Id.*  Additionally, prior to the mid-1990's, the defendant did not require welding certification for Maintenance Men in welding.  *Id.*, ¶ 11.

The plaintiff also complains he was not selected for supervisory positions because of his race and/or because of his grievances, which are protected activity. Plaintiff depo. at 140.  Only one of the supervisor positions in question has been filled since 1999.  *Id.*, at 118-120, 151-153, Larkin declaration, ¶ 12.  That position, filled in October, 2002, was for Granulation Supervisor.  *Id.* In contrast to the person selected to fill that job, the plaintiff had not worked in the granulation department in over five years and had numerous disciplinary problems for attendance, tardiness, not

4

following instructions and work performance. *Id.*; plaintiff depo. at 63; plaintiff depo. exhibits 10-12.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23.  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323.  The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific

5

facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the nonmoving party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

## II. LEGAL ANALYSIS

The court must consider the evidence in the light most favorable to the plaintiff and may not make credibility determinations nor weigh the parties' evidence. *Frederick v. Sprint/United Management Co.* 246 F.3d 1305, 1311 (11th Cir.2001); *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir.2000). Although the plaintiff has failed to file a response to the defendant's motion for summary judgment, no procedural tool for a default summary judgment exists under Fed.R.Civ.Pro. 56(e). The court must still find that summary judgment is appropriate from the pleadings and the evidence. However, " the language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. With these standards in mind, the court considers each of the plaintiff's claims properly before it.

6

Plaintiff asserts that the above facts constitute race discrimination under 42 U.S.C. § 1981.[4] The substantive burden of proof under 42 U.S.C. § 1981 echos that for 42 U.S.C. § 2000e, and both types of claims are analyzed under the same framework. *See e.g., Bass v. Board of County Com'rs, Orange County, Florida*, 256 F.3d 1095, 1109 n. 4 (11th Cir.2001); *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1330 (11th Cir.1998).

As the court can find no direct evidence of discrimination, the court applies the analysis required for circumstantial evidence. *See Wilson v. B/E Aerospace*, 2004 WL 1459558 (11th Cir.2004), at 4-5. *See also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248; 252-253; 101 S.Ct. 1089, 1093-1094 (1981). First, the plaintiff must establish a *prima facie* case of discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. at 1824. Establishment of a *prima facie* case creates a presumption that the employer unlawfully discriminated against the employee. *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094; *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527-1528 (11th Cir. 1997). Assuming the employee meets this burden, the

---

[4]Although the plaintiff complains about a variety of promotions he did not receive, the court finds any claim predating October 23, 1999 is barred by the statute of limitations. *See Jones v. R.R. Donnelley & Sons Company*, – U.S. – , 124 S.Ct. 1836, 1845-46 (2004). Thus, only the plaintiff's claims concerning the failure to promote him to Maintenance Man and the failure to promote him to Granulation Supervisor have been considered by the court.

burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the alleged discriminatory employment action. *Rojas v. Florida,* 285 F.3d 1339, 1342 (11th Cir.2002); *Harris v. Shelby County Board of Education,* 99 F.3d 1078, 1083 (11th Cir.1996).   Once a defendant presents a legitimate, nondiscriminatory reason for its action, the presumption of discrimination drops from the case. *Burdine,* 450 U.S. at 255, 101 S.Ct. at 1094 and n. 10.  The plaintiff must then demonstrate by a preponderance of the evidence that the reason offered by the defendant was not the true reason for the employment decision, but rather a mere pretext for discrimination. *McDonnell Douglas,* 411 U.S. at 804, 93 S.Ct. at 1825.

## Failure to Promote

To establish a prima facie case for a failure to promote claim, the plaintiff must show that (1) he is a member of a protected class; (2) he was qualified and applied for the promotion; (3) he was rejected despite his qualifications; and (4) other equally or less qualified employees who were not members of the protected class were promoted. *Wilson,* 2004 WL 1459558, at *7.

*The Maintenance Man position*

The plaintiff cannot meet his burden to establish a prima facie case on this claim.  Although the plaintiff satisfies the first prong of the inquiry, his cannot show

8

he was qualified for the promotion.  The employer required a welding certificate, notified the plaintiff of that requirement, gave the plaintiff time to prove he met the requirement, and ultimately hired someone who met the qualification.  Because the plaintiff cannot establish he was qualified for the promotion, the court need go no further in its inquiry.  The defendant is entitled to judgment in its favor on this claim.

*The Supervisor position*

The parties do not dispute that the plaintiff applied for the Granulation supervisor position, that he was not selected for the position, and that a white male was promoted to the position.  Assuming, without deciding, that the plaintiff could establish his prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employee's rejection.  *Lee v. GTE Florida, Inc.*, 226 F.3d 1249, 1253 (11th Cir.2000).  The defendant presented substantial evidence that the individual selected for the position had superior qualifications to those of the plaintiff.  This is a legitimate, non-discriminatory reason for the plaintiff's rejection for the promotion.  Thus, the burden shifts back to the plaintiff to prove that the proffered reason is a pretext for discrimination. *See Burdine,* 450 U.S. at 255-56, 101 S.Ct. at 1094-95.  The plaintiff, in failing to respond to the defendant's motion for summary judgment, has failed to offer any reason that the

9

defendant's legitimate, non-discriminatory reason is a pretext for discrimination. As such, the defendant is entitled to judgment in its favor on this claim.

## Retaliation

The plaintiff also claims he was not promoted to the Maintenance Man position in 2003 in retaliation for complaining of discrimination in a letter to Larry Graham, Managing Director of defendant, in an October, 2002 letter. Plaintiff depo. at 139; Exhibit 20. Graham requested further information, which the plaintiff failed to provide. Plaintiff depo. at 143-144; Exhibit 21; Larkin declaration, ¶ 7.

To establish retaliation for engaging in protected activity, the court must use the familiar *McDonnell-Douglas* burden shifting standard. *McDonnell Douglas Corp., supra.* The elements for a prima facie case of retaliation are that the plaintiff (1) engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal connection between the protected activity and the adverse employment action exists. *Sullivan v. National Railroad Passenger Corp.*, 170 F.3d 1056, 1059 (11th Cir.1999). *See also Gupta v. Board of Regents*, 212 F.3d 571, 587 (11th Cir. 2000).

The October, 2002 letter to Graham, complaining of racial discrimination, is protected activity. The denial of a promotion is arguably an adverse employment action. However, the plaintiff has failed to show any causal connection between the

10

complaint and the denial of a promotion.  The defendant actually waited to fill the 2003 Maintenance Man position to give the plaintiff time to demonstrate that he was qualified for that job.  Only when the plaintiff failed to produce the required documentation did the defendant hire someone else who was qualified for the job. Therefore, the court finds the plaintiff has failed to prove a causal connection between his letter to Graham, and the selection of someone other than plaintiff for the position five months later.  Similarly, the failure to promote the plaintiff to the Granulation Supervisor position could not have been retaliatory, as that position was filled prior to the plaintiff's complaint to Graham.  As such, the court finds the plaintiff has failed to establish a prima facie case of retaliation.

## IV. CONCLUSION

Because plaintiff has failed to present evidence that a genuine issues of material fact remain, the court is of the opinion that the defendant's motion is due to be granted on all counts of the complaint.  The court shall so rule by separate Order.

**DONE** and **ORDERED** this the $\underline{2}$ day of August, 2004.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

11